UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRAUSE GLADNEY,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>ROB MCKENNA and JEFF THOMAS,<br><br>　　　　　　　Respondents. | NO.  CV-09-5070-LRS<br><br>ORDER DISMISSING FIRST AMENDED PETITION |

　　　BEFORE THE COURT is Petitioner's First Amended Petition.  Petitioner, a prisoner at the Federal Correctional Institute in Sheridan, Oregon, is proceeding *pro se* and has paid the $5.00 filing fee; Respondents have not been served.  This action is pursuant to 28 U.S.C. § 2254 whereby Petitioner asserts violations of the provisions of the Interstate Agreement on Detainers (IAD), and his right to a speedy trial.

　　　After review of Petitioner's submissions, however, the court finds his contentions are without merit.  Prior to his federal incarceration, Petitioner was charged in Benton County with malicious mischief/domestic violence, domestic violence assault, and bail jumping.  No dates were given regarding these charges.

　　　The IAD provides that where a prisoner incarcerated in one state makes a proper request for trial of "any untried indictment" pending in another state "on the basis of which a detainer has been lodged against the prisoner," the prisoner must

ORDER DISMISSING FIRST AMENDED PETITION -- 1

be "brought to trial" within 180 days of the request for "final disposition" of the indictment. IAD, art. III(a). Failure to try the prisoner within 180 days requires dismissal with prejudice. Id., art. V(c).

Here, Mr. Gladney fails to demonstrate his Motion to Dismiss which was filed in the Benton County Superior Court at a point in time after May 14, 2009, was a "proper request" under the IAD. The agreement explicitly requires that the prisoner "cause to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment." IAD, art. III(a). The notice and request must be delivered through the official having custody of the prisoner. Id., art. III(b). These formal requirements must be met before the timely trial provisions of the IAD come into play. *See People v. Wilson*, 69 Cal.App.3d 631, 636, 138 Cal.Rptr. 259, 261 (1977). Petitioner makes no averment he has complied with these formal requirements. Consequently, he also presents no facts demonstrating he made a request on the Washington prosecuting authorities sufficient to invoke his speedy trial right.

Petitioner indicates clearly on the petition form that he has not filed a personal restraint petition or brought this matter to the attention of either the Washington State Court of Appeals or the Washington State Supreme Court. Therefore, **IT IS ORDERED** the First Amended Petition is **DISMISSED without prejudice** to Petitioner seeking appropriate remedies in the Washington State courts.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward copies to Petitioner and close the file. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue

ORDER DISMISSING FIRST AMENDED PETITION -- 2

a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this  4th  day of January, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DISMISSING FIRST AMENDED PETITION -- 3